**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000572**
**29-JUN-2017**
**08:18 AM**

NO. CAAP-16-0000572

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
NIKILYN LOVE,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(SOUTH KOHALA DIVISION)
(CASE NO. 3DTA-16-00995)

SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Nikilyn Love (Love) appeals from a
Judgment and Notice of Entry of Judgment, filed on July 21, 2016
in the District Court of the Third Circuit (District Court),
convicting her of Operating a Vehicle After License and Privilege
have been Suspended or Revoked for Operating a Vehicle Under the
Influence of an Intoxicant (OVUII) under Section 291E-62(a)(2) of
the Hawaii Revised Statutes (HRS).[1]

On appeal, Love contends that the District Court
wrongfully adjudged her guilty by (a) finding that Love's "choice
of evils" defense[2] was not properly established, (b) convicting

_____

[1] The Honorable Diana L. Van De Car presided.

[2] HRS § 703-302 provides, in relevant part:

§ 703-302 Choice of evils.  (1) Conduct which the actor
believes to be necessary to avoid an imminent harm or evil
to the actor or to another is justifiable provided that:

Love based on insufficient evidence to disprove Love's "choice of evils" defense, (c) not holding the State to its burden of proof to disprove the "choice of evils" defense, and (d) imposing the entire burden of proof on Love.

The State argues that the District Court correctly determined that the "choice of evils" defense was inapplicable as related to the facts in this case.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, as well as the relevant case law and authority, we resolve Love's points of error as follows:

Based on our review of the record, the District Court properly determined that the "choice of evils" defense was inapplicable, such that the State was neither required to disprove nor had the burden to disprove the defense, and the District Court therefore did not improperly impose a burden of proof on Love.

HRS § 701-115(2) provides that "[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented . . . ." The statute "places an initial burden on the defendant to come forward with some

---

(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(b) Neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.

(2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for the actor's conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

[3] Counsel for the State is cautioned that its brief containing citation to and attachment of a document that is not contained in the record of the instant case violates Rule 28(c), related to Rule 28(b)(3) and (10), of the Hawai'i Rules of Appellate Procedure (HRAP), in the absence of any request for judicial notice of said document, and that future failure to comply with the rules may result in sanctions.

2

credible evidence of facts constituting the defense . . . ." HRS § 701-115 cmt. Thus, for the HRS § 703-302 "choice of evils" defense to apply, Love must have presented credible evidence that: (1) she reasonably believed that her action was necessary to avoid imminent harm or evil (see HRS § 703-300 ("'Believes' means reasonably believes.")); (2) the harm sought to be avoided was greater than the harm sought to be prevented; and (3) she was not reckless or negligent in bringing about the situation.

With respect to the first factor, Love unreasonably believed that if she did not drive her car that day, a contempt of court charge was imminent. The District Court considered her belief and found that there was no evidence that a charge or jail term was other than merely speculative. Love did not present any evidence of exhausted alternatives such as calling a cab, calling the jail to notify them of her situation, or contacting a friend (which she ultimately did subsequent to her arrest and release in order to first obtain her car from impound and then transport her to the jail).

With respect to the second factor, we agree with the District Court's conclusion that the harm of a potential contempt charge and sentence to Love was not greater than the harm of exposing the public to Love's driving after her license was suspended or revoked for OVUII.[4]

With respect to the third factor, Love's lack of reasonable belief of necessity also shows she failed to come forward with credible evidence that she was not reckless in bringing about the situation herself. This third factor is considered in this case because a reckless state of mind suffices to establish the offense for which Love is charged, i.e. violating HRS § 291E-62(a)(2).

Accordingly, the District Court properly determined that Love failed to produce sufficient facts to establish the "choice of evils" defense.

THEREFORE, IT IS HEREBY ORDERED THAT the Judgment and

---

[4] Under HRS § 291E-62, it is illegal to operate a vehicle after one's license has been suspended or revoked for operating a vehicle under the influence of an intoxicant.

3

Notice of Entry of Judgment, filed on July 21, 2016 in the District Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 29, 2017

On the briefs:

James M. Yuda,
Deputy Public Defender
for Defendant-Appellant.

E. Britt Bailey,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4